IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-103-TAV-DCP |
| | ) | |
| JASON BRIAN LYONS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned on the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 50], filed on February 23, 2021, and referred to the undersigned for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. *See* 28 U.S.C. § 636(b). Defendant entered a guilty plea to one count of felon in possession of a firearm and was sentenced to twenty-five months imprisonment and three years of supervised release [Doc. 44]. The Judgment of conviction was entered on December 4, 2020 [Doc. 44]. Throughout his case in this Court, Defendant Lyons was represented by retained counsel Attorney Jeffrey Charles Coller. On December 21, 2020, Defendant Lyons filed a *pro se* notice of appeal [Doc. 47]. On January 7, 2021, he filed a Financial Affidavit [Doc. 49][1] under seal. Defendant now seeks to proceed on appeal without payment of fees or costs [Doc. 50].

The Court previously analyzed the Defendant's Application under Rule 24 (a)(1) of the Rules of Appellate Procedure, which requires that parties seeking to proceed *in forma pauperis* must file a motion in the district court with an attached affidavit that

---

[1] Defendant filed the CJA 23 form for a financial affidavit in support of appointed counsel or expert services. Although this financial affidavit was filed under seal, the Court finds that it contains roughly the same information as the Application, which is not sealed.

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Court found that Defendant Lyons's Application meets requirements (A)[2] and (B)[3] but that Defendant had not stated the issues he seeks to present on appeal [Doc. 52]. Accordingly, the Court ordered defense counsel to supplement the Defendant's *pro se* notice of appeal with a general statement of the issues he intends to address on appeal.

On March 28, 2021, Defendant Lyons filed, through counsel, a Supplement of Defendant's *Pro Se* Notice of Appeal [Doc. 53]. The supplement states that Defendant Lyons is seeking to proceed on appeal without payment of fees or costs. It states the following as to the issues Defendant intends to present on appeal:

> Defendant is currently housed in Atlanta, Georgia. On March 19, 2021, the undersigned conferred with Defendant via telephone. Defendant informs this Honorable Court that there are no issues Defendant intends to present on appeal.

[Doc. 53, p.1]. Based on this representation, the Court cannot find that Defendant Lyons meets requirement (C) of Rule 24(a)(1) for proceeding on appeal without payment of costs and fees.

The failure to state the issues presented on appeal is not a mere technical failure but prevents the Court from "ascertain[ing] . . . the merits of the appeal." *Callihan v. Schneider*, 178

---

[2] With regard to Defendant's inability to pay, the Court found that although the Defendant has some assets (his home and another property), these assets are not liquid and are already encumbered. Thus, the Court found that Defendant Lyons is unable to pay the fees and costs of his direct appeal [Doc. 52]. Fed. R. App. Proc. 24(a)(1)(A).

[3] The Court also found that Defendant "claims an entitlement to redress," because the Defendant is entitled to a direct appeal by statute and his *pro se* notice of appeal was timely [Doc. 52]. Fed. R. App. P. 24(a)(1)(B).

F.3d 800, 803 (6th Cir. 1999); *see also Johnson v. Motley*, No. 6:07–351–DCR, 2008 WL 4821720, *5 (E.D. Ky Nov. 3, 2008) (adopting and incorporating the Report and Recommendation of Weir, MJ). A district court may permit a criminal defendant to proceed on appeal without payment of fees if the defendant submits an affidavit demonstrating the inability to pay, stating the defendant's belief that he or she is entitled to redress, and stating the nature of the appeal. 28 U.S.C. § 1915(a)(1). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3) (providing that an "appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). A "good faith appeal" is one that raises any non-frivolous issue. *Coppedge v. United States*, 369 U.S.438, 445 (1962). In the instant case, Defendant Lyons raises no issues on appeal.

Because the Defendant's Application, affidavit, and supplement fail to state the issues the Defendant intends to present on appeal, the Court **RECOMMENDS** that the Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 50**] **be denied**.[4] The Court also **RECOMMENDS** that, because the Defendant does not intend to present any issues on appeal, the District Judge certify that his appeal is not taken in good faith. *See* 28 U.S.C. §1915 (a)(3); *see also Johnson*, 2008 WL 4821720, *3. If the District Judge accepts these recommendations, the Defendant may file a motion to appeal *in forma pauperis* in the Court of

---

[4] The undersigned issues this decision in the form of a Report and Recommendation, because the denial of *in forma pauperis* status is dispositive of the Defendant's appeal. *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990) (per curiam) (holding that a magistrate judge may grant a motion to proceed in forma pauperis but "[i]f the decision is to deny, . . . the magistrate [judge] must make such recommendation to the district judge who will then take the final action").

3

Appeals within thirty days of service of the denial notice, following the procedures in Rule 24(a)(5) of the Federal Rules of Appellate Procedure.[5]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[5] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time-period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).